**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4732**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CHRISTIAN MANUEL LOPEZ-PEREZ, a/k/a Jose Manuel Lopez,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge.  (1:10-cr-00103-WO-1)

———————

Submitted:  December 20, 2011      Decided:  January 3, 2012

———————

Before KING, AGEE, and DIAZ, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

———————

Raymond J. Rigat, Washington, D.C., for Appellant.   Angela
Hewlett Miller, Assistant United States Attorney, Arnold L.
Husser, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christian Manuel Lopez-Perez appeals his twenty-seven-month sentence following a guilty plea to reentry after deportation for a felony, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). On appeal, Lopez-Perez argues that the district court erred in applying a four-level sentencing enhancement, pursuant to the U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(D) (2010), for being deported after a conviction for a felony. Following the filing of Lopez-Perez's opening Appellant's Brief, the Government filed an unopposed motion to remand for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). We affirm Lopez-Perez's conviction, vacate his sentence, and remand for resentencing.

Section 2L1.2(b)(1)(D) of the Sentencing Guidelines Manual prescribes a four-level offense enhancement "[i]f the defendant was deported, or unlawfully remained in the United States, after a conviction for any other felony." USSG § 2L1.2(b)(1)(D). For purposes of subsection (b)(1)(D), the Guidelines Manual defines a felony as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." Id. § 2L1.2 cmt. n.2.

On appeal, Lopez-Perez argues that his North Carolina state convictions for breaking and entering, larceny following breaking and entering, and conspiracy to commit breaking and

2

entering do not qualify as felonies because his convictions were not punishable by imprisonment for terms exceeding one year. Consistent with this court's decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), the district court determined that Lopez-Perez qualified for the four-level sentencing enhancement set forth in USSG § 2L1.2(b)(1)(D) based upon his three prior North Carolina felony convictions. Subsequent to the district court's sentencing determination, we overruled Harp in our en banc decision in Simmons, finding that a North Carolina state conviction may not be classified as a conviction punishable by a term of imprisonment exceeding one year based on the maximum aggravated sentence that could be imposed on a repeat offender if the individual defendant was not himself eligible for such a sentence. Simmons, 649 F.3d at 241, 243-48. Our review of the record reveals that Lopez-Perez was not eligible for a sentence exceeding one year for his North Carolina convictions. Accordingly, applying Simmons, Lopez-Perez's convictions no longer qualify as predicate felony convictions, and he is ineligible for the § 2L1.2(B)(1)(D) sentencing enhancement.

We therefore grant the Government's motion, vacate Lopez-Perez's sentence, and remand the case to the district court for resentencing. Lopez-Perez does not challenge his conviction on appeal, and we therefore affirm it. We dispense

3

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>